23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvan A. JOSEPH, Defendant-Appellant.
 No. 93-5277.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1994.
Decided April 25, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-92-482-A)
 Christina Monroe Smith, SAMMONS & SMITH, Alexandria, VA., for appellant.
 Kenneth E. Melson, U.S. Atty., Dwight P. Bostwick, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sylvan Joseph was convicted at a bench trial of one count of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Joseph claims on appeal that there was insufficient evidence to convict and that he was entrapped by a government informant, John Rymarz, who told him that the transaction was a sting operation intended to catch an undercover agent. Finally, Joseph claims that the prosecution's reliance on Rymarz's information was so outrageous as to constitute a due process violation. We affirm.
 
 
 2
 Joseph sold 22.5 grams of cocaine to Lisa Summers, an undercover agent with the Drug Enforcement Agency (DEA). Joseph was introduced to Summers by Rymarz, a DEA informant and Joseph's coworker. At trial, Rymarz testified that Joseph approached him and stated that he could supply Rymarz with large quantities of cocaine. Agent Summers testified that Joseph told her he had been involved with drugs for a while and had established drug contacts. Tapes supported this testimony. Joseph admitted selling the drugs to Summers but contended that Rymarz told him that the sale was part of a sting operation to catch Summers. Joseph claimed that he thought the transaction was authorized by police. The district court found Joseph's story unbelievable, rejected Joseph's entrapment defense, and convicted Joseph.
 
 
 3
 Joseph claims that the evidence was insufficient to support his conviction because he thought his actions were sanctioned by police. However, knowledge of the illegality of one's actions is not an element of the offense of distribution of a controlled substance under Sec. 841. See 21 U.S.C. Sec. 841(a)(1). Moreover, the district court found Joseph's assertion that he thought he was acting legally not credible. We do not review credibility findings on appeal absent compelling contrary evidence. United States v. Locklear, 820 F.2d 1314, 1317 (4th Cir.1987). The only evidence Joseph provided to undermine the district court's finding was that Rymarz lacked credibility because he had a prior criminal record, received lenient treatment on pending state charges as a result of his cooperation, and functioned only briefly as an informant. This evidence is not sufficiently compelling to overturn the district court's credibility finding. Hence, since Joseph admitted selling the contraband to Summers, we conclude that the evidence was sufficient to convict.
 
 
 4
 Joseph also claims that the district court erroneously denied his entrapment defense because the prosecution failed to show he was predisposed to commit the crime. At trial, Rymarz testified that he informed co-workers that he wanted to buy drugs. Later that day, Joseph approached him and stated that he could supply Rymarz with kilos of cocaine, that Rymarz would have to front money to Joseph, and that Joseph had been dealing drugs with a Jamaican for a long time. Rymarz subsequently put Joseph in touch with Summers. Summers testified that Joseph told her at their first meeting that he had been dealing drugs for a while, had established drug contacts, and could set up a deal with her. Given this evidence, it is clear that government agents merely provided the opportunity for Joseph to commit the crime. The record supports a finding that Joseph was predisposed to commit the crime independent of any government activity so the entrapment defense was not valid. See United States v. Jacobson, 60 U.S.L.W. 4307, 4310 (U.S.1992); see also United States v. Jones, 976 F.2d 176, 179 (4th Cir.1992).
 
 
 5
 Joseph's last assertion is that the government's conduct violated his due process rights. Governmental conduct is violative of due process when it is so outrageous that it shocks the conscience of the court. United States v. Osborne, 935 F.2d 32, 36 (4th Cir.1991). Joseph claims specifically that it was outrageous for the government to rely on Rymarz's information, given Rymarz's criminal history and the government's brief association with him. However, we find that the use of Rymarz as an informant was not shocking to the conscience. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir.1989); United States v. Simpson, 813 F.2d 1462, 1465 (9th Cir.), cert. denied, 484 U.S. 898 (1987). Moreover, the government corroborated Rymarz's information through Joseph's own statements about his drug involvement, and his following through on the drug deal. Consequently, the government's conduct in this case did not violate Joseph's due process rights.
 
 
 6
 Therefore, we affirm Joseph's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED